**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jordan Collins,

Petitioner,

v.

Dyanna L. Street, District Court Judge – Anoka County District Court,

Respondent.

Case No. 26-cv-2870 (ECT/DLM)

**REPORT AND RECOMMENDATION**

Petitioner Jordan Collins is currently in jail awaiting trial on one count of second-degree murder. *See State v. Collins*, No. 02-CR-25-4058 (Minn. Dist. Ct.). Mr. Collins recently wrote a letter to the Court in which he raises multiple complaints about the ongoing criminal proceeding in state court, as well as a request to return money taken from him when he was arrrested. (*See generally* Doc. 1.) Although Mr. Collins does not call the document a petition for a writ of habeas corpus, many of the claims raised in the letter amount to an attack on the legality of the ongoing criminal proceeding, and therefore in the interest of justice, a habeas corpus proceeding was initiated on Mr. Collins's behalf, with the letter to the Court docketed as a habeas petition initiating that proceeding.

If Mr. Collins did intend to file a habeas corpus petition through his letter, there would be problems with that petition.[1] Although the federal habeas corpus statute, 28

[1] Mr. Collins is not held pursuant to a state court judgment (he is a pretrial detainee and no judgment has been entered in his criminal case), and therefore any habeas petition brought by him today would not be governed by 28 U.S.C. § 2254. The Rules Governing Section

U.S.C. § 2241, "does not itself contain a requirement that petitioners first exhaust alternative remedies available in state court, 'federal courts have consistently recognized that the principles of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241.'" *Hogquist v. Mercy Hospital*, No. 21-cv-2080 (SRN/TNL), 2021 WL 5042501, at *1 (D. Minn. Oct. 12, 2021) (quoting *Olson v. Washington County*, No. 12-cv-2807 (MJD/AJB), 2013 WL 1871523, at *2 (D. Minn. Jan. 24, 2013)). "This requirement of fair-presentment of claims generally requires appellate exhaustion of those claims, which in turn requires that judgment be entered in the state-court prosecution—meaning, ultimately, that state pretrial detainees usually cannot seek federal habeas relief until after they have been convicted (or, put another way, until after they have ceased being pretrial detainees)." *Abdikarim v. State*, No. 24-cv-2013 (NEB/LIB), 2024 WL 3557772, at *2 (D. Minn. June 17, 2024). Most of the claims raised in Mr. Collins's letter to the Court—claims of judicial bias, ineffective assistance of counsel, due process violations, evidentiary irregularities, and the like—are the kinds of claims that must be fully litigated in the state courts before habeas corpus relief may be sought in federal court. Mr. Collins cannot short-circuit the state criminal proceeding by seeking interference of the federal courts in that proceeding.

2254 Cases, however, could be applied to that petition. *See* Rule 1(b). This includes Rule 4 of the Rules Governing Section 2254 Cases, which requires the Court to conduct a review of the petition upon filing and deny any petition clearly lacking merit.

Two claims raised in Mr. Collins's letter to the Court require further discussion. One of Mr. Collins's complaints about the ongoing criminal proceeding is that his right to a speedy trial has been denied. Speedy-trial claims are among the few claims that may be litigated by a habeas petitioner prior to judgment having been entered in state court, because "[a] claim that one should be brought to trial immediately cannot be vindicated after the trial has eventually been completed; by then it will be too late for the federal court to effect meaningful relief." *Thomas v. Clay County Correctional Facility*, No. 26-cv-1867 (KMM/DTS), 2026 WL 1039206, at *2 (D. Minn. Mar. 17, 2026). But a pretrial habeas detainee may invoke habeas corpus to assert speedy-trial rights only to be brought to trial quicker, not as a vehicle for challenging the validity of the ongoing proceedings wholesale. *See, e.g.*, *Swenson v. Wohlman*, No. 21-CV-0456, 2021 WL 2228460, at *2 (D. Minn. May 12, 2021) (collecting cases). Regardless of the merits of Mr. Collins's speedy-trial claim, he is already scheduled to go to trial in less than two months. Any order arising from this proceeding ordering Mr. Collins's speedy trial would therefore be superfluous. To the extent that Mr. Collins believes that second-degree murder charge should be dismissed because of a violation of his speedy-trial rights, that claim—unlike a demand that the petitioner be brought to trial more quickly—can still be vindicated on direct state-court appeal or through a federal habeas corpus action after judgment has been entered.

Second, Mr. Collins brings a claim related to $1,300 that he believes was wrongfully seized during his arrest. Because this claim does not relate to the fact or duration of Mr. Collins's detention, the claim could not be litigated as part of a habeas corpus proceeding. *See Spencer v. Haynes*, 774 F.3d 467, 469 (8th Cir. 2014). Of course, the Court need not

regard the claim as having been raised as part of a habeas corpus proceeding; Mr. Collins did not himself label his letter to the Court as being as a habeas petition, and it is only the docketing decision of the Court (and the nature of Mr. Collins's other claims) that has caused the letter to be treated as though it were a habeas petition. But this claim, like Mr. Collins's other complaints, would also be subject to preservice dismissal, regardless of the procedural vehicle through which the claim was raised. *See* 28 U.S.C. § 1915A(a).

The Court therefore recommends that this matter be summarily dismissed. Only two further matters merit brief comment. First, because it is recommended that the habeas petition be summarily denied, it is further recommended that Mr. Collins's pending application to proceed *in forma pauperis* be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that state-pretrial detainees must procure a COA to appeal a final habeas order). As explained above, it is not entirely clear whether Mr. Collins was seeking to file a habeas petition, but insofar as his claims sound in habeas corpus, the Court recommends that Mr. Collins not be granted a COA to pursue his claims on appeal at this time.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This case be **DISMISSED WITHOUT PREJUDICE**.

2. The application to proceed *in forma pauperis* of petitioner Jordan Collins (Doc. 6) be **DENIED**.

3. No certificate of appealability be issued.

Dated: July 20, 2026

_*s/Douglas L. Micko*_____________
DOUGLAS L. MICKO
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).